UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                          Case No. 15-13127

FUTURE PARKING-ROMULUS, INC.             HON. AVERN COHN
and KAYS ZAIR, jointly and severally,

     Defendants.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. 10, 11)[1]

I.

     This is a debt collection case. Plaintiff, the United States of America (the government) sued to collect on a debt owed by defendant Future Parking Romulus, Inc. (Future Parking) and Kays Zair (Zair). As will be explained, neither defendant appeared or otherwise defended the case. Accordingly, the Clerk entered defaults against both defendants and eventually, default judgments.

     Before the Court is defendants' motion to set aside the default judgment.[2] For the reasons that follow, the motion is DENIED.

_____

     [1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

     [2]On December 24, 2015, the Court received a letter signed by Zair asking the Court to "put the Judgment aside." (Doc. 13). Construing this pro se filing liberally under Haines v Kerner, 404 U.S. 519, 520-21 (1972), the Court treats the letter as a motion to set aside the default judgments entered against both defendants.

II.

On March 30, 2005, Future Parking obtained a $100,000 loan which was guaranteed by the Small Business Administration.  Zair executed an unlimited guarantee of the loan.  In 2010, defendants fell behind in payments.  The parties then entered a modified agreement which restructured the payments on the $23,696.85 balance due at the time.  Defendants defaulted again in January 2013.  At the time the complaint was filed on September 2, 2015, the balance due on the loan was $16,781.63.

The government served the complaint and request for waiver of service of a summons by first class and certified mail to Zair both in his individual capacity and as the registered agent for the Future Parking.

On September 30, 2015 Zair executed the waiver of service both for himself and as registered agent for Future Parking.  (Docs. 4 and 5)

On October 28, 2015, the government met with Zair to discuss a possible resolution to the matter.  Counsel for the government informed Zair that settlement negotiations could continue throughout the period of litigation.  However, a resolution of the could not be reached at that time because the government needed additional documentation.  The government says it advised Zair to obtain counsel.  The government also says that they did not discuss extending the due date of his response to the complaint.  Neither Zair or his company filed an answer to the complaint.

On November 10, 2015, the government moved for a clerk's entry of default against both Future Parking and Zair.  The Clerk of the Court entered the default and served all parties with the Clerk's Entry of Default. (Docs. 7 and 8).  These documents

2

were not returned to the court as undeliverable.  No response was filed by either defendant to the Clerk's Entry of Default.

On November 23, 2015, the government moved for the Clerk's Entry of Judgment by Default of a sum certain ($16,781.63). (Doc. 9)  The Clerk entered judgments in favor of the government and against Future Parking and money judgment on November 24, 2015.[3]  (Docs. 10 and 11)  The judgments were mailed by first class mail to both defendants on November 24, 2015. (Doc. No. 12).

On December 24, 2015, the Court received and docketed Zair's letter request to set aside the default judgment, Doc. 13, which has been construed as a motion to set aside the default judgments.  In his request, Zair states that the parties were working toward settlement; and that he was working on completing a financial statement.  He does not allege a meritorious defense to the complaint.  He admits he was aware of the litigation. He is merely asking for additional time to pursue a negotiated resolution of his individual liability for the debt.

III.

Fed. R. Civ. P. 55(c) governs setting aside a default.  It reads:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The decision to set aside a default is left to the court's discretion.  <u>Shepard Claims</u>

---

[3]Where, as here, a complaint alleges damages for a sum certain, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1).  The government's motion for entry of default judgment complied with Rule 55(b)(1).

3

Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1984).

Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment. Fed. R .Civ. P. 60(b)(1)-(6). The Court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." United Coin Meter Co. v. Seaboard Coastal Line R.R., 705 F.2d 839, 844–45 (6th Cir. 1983). The decision to vacate a default judgment is entrusted to the trial court's discretion. In re Walter, 282 F.3d 434, 440 (6th Cir. 2002).

In United Coin Meter Co., 705 F.2d at 845, the Sixth Circuit set forth three factors to be considered in deciding a Rule 60(b) motion: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1). See Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).

Zair has not satisfied this standard. Zair and his company were served with the summons and complaint. The waiver of service which Zair signed clearly states an answer was due within 60 days. It is undisputed that Zair was aware of the action as he met with counsel for the government. It is also undisputed that Zair did not file an answer as required or ask for additional time to file an answer. He also did not respond after the clerk entered a default against him. Rather, he simply seems surprised that a

4

judgment was entered against him without a hearing.  This does not constitute good cause to set aside the default judgment.  Regarding the merits of the case, Zair does not allege that he has a defense to the action.  Moreover, he has not sais that he has been harmed by entry of the judgment.  Under these circumstances, the default judgment will not be set aside.

That said, nothing in this order precludes the parties from reaching an agreement as to payments due under the judgment.

SO ORDERED.

<u>S/Avern Cohn</u>
 AVERN COHN
Dated: February 23, 2016                    UNITED STATES DISTRICT JUDGE
         Detroit, Michigan

5